JOHN W. HILL, Conservator, Appellee, *vs.* JOSEPH B. FOWLER *et al.* Appellants.

*Opinion filed December 17, 1907.*

DEEDS—*when a decree setting aside deed for mental incapacity will be sustained.* A decree, entered on conflicting oral testimony, canceling a deed at the suit of the grantor's subsequently appointed conservator will be sustained upon appeal, where it appears that the consideration received was only about half the value of the land, and that the grantor was old and an epileptic, in feeble health, physically and mentally, and where witnesses having the best opportunity for observing and knowing the grantor testified that he was incapable of understanding the business in which he was engaged at the time he made the deed.

APPEAL from the Circuit Court of Franklin county; the Hon. J. R. CREIGHTON, Judge, presiding.

On May 14, 1906, John W. Hill, conservator of William C. Holman, appellee, filed his bill in the circuit court of Franklin county against Joseph B. Fowler and his wife, appellants, to cancel a certain deed executed by Holman, conveying certain lands in Franklin county to Joseph B.

Fowler in exchange for lands conveyed to Holman by Fowler, and for other relief. The bill alleges that at the time of the execution and delivery of said deed, and for a number of years prior thereto, said William C. Holman was a person of unsound mind and wholly incapable of transacting business; that at the time said conveyance was made his condition was fully known to Joseph B. Fowler and that said deed was therefore void. An answer was filed by Fowler and his wife denying these allegations. The matter was heard before the chancellor in open court. A decree was entered granting the relief prayed by the bill. The deed from Fowler to Holman had never been recorded. It was brought into court by the conservator and was by the decree canceled and set aside. From that decree appellants have prosecuted an appeal to this court.

Negotiations between the parties were set on foot in March, 1904. Each inspected the lands of the other. A bargain was struck, and on April 18, 1904, deeds to the lands were exchanged, the deed from Holman having been executed on that day and the deed from Fowler on April 16, 1904. At the time of the exchange Holman was a man about sixty-four years of age and in poor health. For a number of years prior to this transaction and until the time of his death, on October 16, 1906, he was afflicted with epilepsy. The last violent attack of this disease prior to April 18, 1904, occurred some time in the month of January, 1904. About six months before his death his condition became such that appellee was appointed his conservator by the county court of Franklin county.

It is contended by the appellants that the court erred in finding that William C. Holman, at the time of the execution and delivery of the deed to Fowler, lacked the necessary mental capacity.

JOPLIN & SPILLER, and THOMAS J. LAYMAN, for appellants.

HART & WILLIAMS, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The witnesses testified in open court. The chancellor found that Holman did not have the requisite mental capacity to execute the deed assailed. The only error assigned which is urged by the brief of appellants questions that finding on the ground that it is not warranted by the evidence. In such case we do not interfere unless it is clearly apparent the chancellor erred. *Coari* v. *Olsen,* 91 Ill. 273; *Amos* v. *American Trust and Savings Bank,* 221 id. 100.

Thirty-two witnesses testified on this subject. We have examined their testimony as it is set forth in the abstract. To discuss it in detail would unduly extend this opinion. It is certain, however, that at the time the deed was executed Holman had been for many years an epileptic and was in feeble health, both physically and mentally. As he grew older the seizures became more frequent and they were progressive in effect, the later ones being more serious and distressing than the earlier ones. Following each attack he would be in a stupor for days, and from this he would gradually recover, to some extent at least. Following each attack there would be a period when he was unfit to transact business and knew but little of what was going on about him. As to whether or not at the time he made the deed he had so far recovered from the last epileptic seizure as to be competent to execute the deed the evidence is sharply conflicting. It appears that the idea of trading for the land in Williamson county was first suggested to him by a neighbor by the name of Robinson, who is the father-in-law of appellant Joseph B. Fowler. Thereafter Holman dictated and mailed a letter to Fowler proposing a trade. Negotiations followed, which ended in the exchange of deeds. The consideration expressed in each deed is $1200, which, from the evidence, seems to have been about the value of the land which was conveyed to

Holman and about half the value of the land which he conveyed to Fowler.

The testimony of many of the witnesses is of little value from the fact that they did not have opportunity to observe Holman at or about the time he made the deed. Among those who testified on the part of complainant, however, we find seven, who seem to have been men of intelligence, discretion and integrity, who were Holman's neighbors, each of whom was disinterested and had known Holman for many years, and who saw and conversed with him either on the day the deed was made or within a few days before or after that time, and all of whom, in varying terms, stated that Holman did not then have sufficient mental capacity to understand the business in which he was engaged, viz., disposing of his land and executing the deed therefor. These men testified to acts and statements of Holman's which afford reasonable ground for that conclusion and which warrant the finding of the chancellor. Opposed to these were a number of other witnesses, some of whom were equally credible and possessed equal opportunities of knowing,—notably the officer who drew the deed and took Holman's acknowledgment thereto. We think, however, that these witnesses who testified for the appellants and who expressed the view that Holman, at the time of the execution of the deed, possessed the requisite mentality to understand and appreciate the effect of his acts, were in most instances without opportunities equal to those of the seven to whom we above referred, of knowing whether or not Holman in fact possessed the necessary capacity on the day the deed was signed and delivered.

Upon consideration of all the evidence we are of the opinion that the chancellor did not err in his conclusions.

The decree of the circuit court will be affirmed.

*Decree affirmed.*